## IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, OHIO

| | |
|---|---|
| HEATHER GORE<br>7100 Cook Road<br>Powell, Ohio 43065<br><br>          Plaintiff<br><br>          v.<br><br>AT&T Corp<br>C/o Ct Corporation Systems<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>AMERICAN TELEPHONE AND<br>   TELEGRAPH COMPANY<br>C/o Ct Corporation Systems<br>1300 East 9th Street<br>Cleveland, Oh 44114<br><br>PHILIP DUN<br>aka Philip Dunn<br>aka Phil Dun<br>aka Phillipe Dun<br>aka Phillip Dun<br>c/o AT&T<br>2550 Corporate Exchange Drive<br>Columbus, Oh 43231<br><br>JACKLYN REES<br>Aka Jackie Rees<br>c/o AT&T<br>2550 Corporate Exchange Drive<br>Columbus, Oh 43231<br><br>JOHN DOE, real name unknown<br>c/o AT&T<br>2550 Corporate Exchange Drive<br>Columbus, Ohio 43231 | JUDGE<br><br>CASE NO.<br><br>**COMPLAINT**<br><br>**(Jury Demand**<br>**Endorsed herein)** |

FILED COMMON PLEAS COURT FRANKLIN CO. OHIO 2009 AUG 18 PM 3:01 CLERK OF COURTS

JOHN ROE, real name unknown        )
c/o AT&T                            )
2550 Corporate Exchange Drive       )
Columbus, Ohio 43231                )
                                    )
COMPANY XYZ, real name unknown,     )
c/o AT & T                          )
2550 Corporate Exchange Drive       )
Columbus, Ohio 43231                )
                                    )
COMPANY ABC                         )
c/o AT & T                          )
2550 Corporate Exchange Drive       )
Columbus, Ohio 43231                )
                                    )
                                    )
                                    )
         Defendants    )

## JURISDICTION

1. Plaintiff, Heather Gore, is a resident of Delaware County, Ohio. Plaintiff Gore resides at 5816 Leves Links Ct., Dublin, Delaware County, State of Ohio.

2. American Telephone and Telegraph Company is believed to be a Foreign Company registered in the State of Ohio and licensed to do business and in fact does transact business in the State of Ohio. American Telephone and Telegraph Company is believed to have offices at 2550 Corporate Exchange Drive, Columbus, Ohio in Franklin County.

3. AT&T Corp is believed to be a Foreign Company registered in the State of Ohio and licensed to do business and in fact does transact business in the State of Ohio.

4. The name of Company XYZ is unknown to Plaintiffs' at this time. However, Company XYZ is believed to be a Parent and/or affiliate Company of either / or both of American Telephone and Telegraph Company and/or AT&T Corp.

5. The name of Company ABC is unknown to Plaintiffs' at this time. However, Company ABC is believed to be a Parent and/or affiliate Company of either/or both of American Telephone and Telegraph Company and/or AT&T Corp.

6. American Telephone and Telegraph Company and AT&T Corp, Company XYZ and Company ABC hereafter collectively referred to as "AT&T"

7. Defendant, Philip Dun, (aka Philip Dunn, Phil Dun, Phillipe Dun, Phillip Dun), hereafter "Dun," is believed to be a resident of Franklin County Ohio; and at all times herein, acted on behalf of AT&T, as its servant, manager and / or agent. Defendant Dun, is believed to have acted, at all times herein, within the scope of his employment with

AT&T.

8. Defendant, Jacklyn Rees, (aka Jackie Rees), hereafter "Rees," is believed to be a resident of Franklin County Ohio; and at all times herein, acted on behalf of AT&T, as its servant, manager and / or agent. Defendant Rees, is believed to have acted, at all times herein, within the scope of her employment with AT&T.

9. The true names of Defendants: John Doe, and John Roe, are currently unknown to Plaintiffs. Plaintiff is informed and believes that Defendants John Doe and John Roe are affiliated with AT&T as its officers, directors, employees, managers and / or agents.

## BACKGROUND

10. Plaintiff Gore is a 33-year old married woman with one-child.

11. On March 13, 2006 Plaintiff Gore was hired as an employee of AT&T.

12. AT&T is an "employer" as defined in O.R.C. Section 4112.01(A)(2).

13. Plaintiff Gore is an employees as defined in O.R.C. 4112.01 (A) (3).

## COUNT I – OHIO REVISED CODE SECTION 4112.02 – SEX DISCRIMINATION (QUID PRO QUO)

14. Plaintiff realleges and incorporate paragraphs 1 through 13 as if fully rewritten herein.

15. On or about March 27, 2008, AT&T held a "CEO Awards Function" for the top 6% of the AT&T Yellow-Page advertising sales-persons. Because Plaintiff Gore was in the top 6% of the AT&T Yellow-Page advertisement sales performers, she was asked

by AT&T to attend the "CEO Awards Function." During this function, Plaintiff Gore was recognized by AT&T for her outstanding sales performance. AT&T recognized Plaintiff Gore's outstanding sales performance by giving her an award and publicly praising her during said AT&T awards function.

16. On or about the evening of March 27, 2008, Defendant Dun approached Plaintiff Gore and began discussing her career advancement opportunities within AT&T. Defendant Dun is a top executive at AT&T. Plaintiff Gore's immediate supervisor (Defendant Jacklyn Rees) reports directly to Defendant Dun.

17. Plaintiff Gore told Defendant Dun that she was interested in advancing within AT&T to the position of Internet Sales Manager.

18. Defendant Dun then began to stare at Plaintiff Gore's breasts. While staring at Plaintiff Gore's breasts, Defendant Dun told Plaintiff Gore that he could arrange a career advancement for her.

19. Immediately, Plaintiff Gore became uncomfortable with Defendant Dun's behavior. Defendant Dun then stated "I can't help my eyes wondering."

20. Defendant Dun then began telling Plaintiff Gore how unhappy he was with his marriage and how he needed female companionship. Defendant Dun stated "my marriage has been over for 6-years."

21. Defendant Dun than resumed the conversation concerning Plaintiff Gore's career advancement prospects within AT&T. Defendant Dun told Plaintiff Gore that he could help her advance within AT&T.

22. Defendant Dun then began questioning Plaintiff Gore about her marital status. Defendant Dun asked Plaintiff Gore whether she was dating anyone. This made

Defendant Gore even more uncomfortable.

23. While conversing with Plaintiff Gore, Defendant Dun continued to drink beer.

24. After several minutes of conversation, Defendant Dun excused himself to urinate. Defendant Dun then proceeded to urinate, in public. Defendant Dun proceeded to urinate in public within 10-Feet from Plaintiff Gore. Plaintiff Gore saw Defendant Dun urinate in public.

25. When Defendant Dun returned after publicly urinating in front of Plaintiff Gore, Defendant Dun returned to where she was sitting and continued quizzing Plaintiff Gore about her dating situation.

26. Defendant Dun then held Defendant Gore's hand and began rubbing her hand. While rubbing her hand, Defendant Dun stated "even 3-inches going 90 miles per hour will make a dent."

27. Plaintiff Gore understood Defendant's un-welcomed sexual advances to mean that if she did not sleep with Defendant Dun, her career with AT&T was over. Plaintiff Gore felt numb, violated, and sick to her stomach. Plaintiff Gore then left.

28. At the first opportunity, Plaintiff Gore reported Defendant Dun's un-welcomed sexual advances towards her to her immediate supervisor – Defendant Jacklyn Rees. Defendant Rees said "Oh my god, I can't believe it." Defendant Rees took no action.

29. Approximately two-weeks after Plaintiff Gore complained about Defendant Dun's un-welcomed sexual advances towards her to Defendant Rees, Defendant Dun entered Plaintiff Gore's work cubicle at AT&T and began rubbing Plaintiff Gore's shoulders with his hands.

30. Plaintiff Gore again reported Defendant Dun's un-welcomed sexual advances to her immediate supervisor Defendant Rees.

31. shortly after Plaintiff Gore reported Defendant Dun's un-welcomed sexual advances towards her to Defendant Rees, Defendant Rees told Plaintiff Gore that she should consider finding another job.

32. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs, expert's fees and attorney's fees.

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff realleges and incorporates paragraphs 1 through 32 as if fully rewritten herein.

34. Defendants' conduct as described more fully in paragraphs 1 through 31 of this Complaint were outrages and beyond the realm of human decency, tolerated by a civilized society.

35. Defendants conduct was willful, malicious, spiteful and with ill will and with reckless disregard for Plaintiffs' legal rights.

36. As a direct and proximate result of Defendants' conduct as set forth above,

7

Plaintiff Gore has suffered pain, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health and great mental anguish.

### COUNT III – BREACH OF CONTRACT

37. Plaintiff realleges and incorporates paragraphs 1 through 35 as if fully rewritten herein.

38. By reason of the AT&T employee handbook and verbal representations by AT&T, an express and / or implied contract was formed between Defendants and Plaintiffs.

39.. The AT&T employee handbook expressly states that the company has a zero sexual harassment policy.

40. Defendants breached the terms of said express and / or implied contract when Defendant Dun, changed the terms and conditions of the express and/or implied employment contract with Plaintiff Gore by making repeated un-welcomed sexual advances towards her.

41. When Plaintiff Gore complained about the un-welcomed sexual advances by Defendant Dun, Defendant AT&T, retaliated against her by telling her that she should consider finding another job.

42. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered loss in earnings.

**WHEREFORE,** Plaintiff prays as to Defendants, jointly and severally, as

follows as to each count of the Complaint:

    1. That this Court award such equitable relief as is proper as compensation for the loss of Plaintiff's opportunity to engage in gainful employment, including relief in the form of front pay;

    2. That this Court award Plaintiff an amount in excess of $25,000 as compensation for Plaintiffs adverse health effects, for the loss of Plaintiffs' opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

    3. That this Court award Plaintiff punitive damages;

    4. That this Court award Plaintiff reasonable attorney's fees and the costs of this action; and

    5. That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

_____
Alvaro G. Velez (0078921)
Attorney for Plaintiff
The One Crosswoods Building
100 East Campus View Blvd., Ste. 250
Worthington, Ohio 43235
Phone (614) 804-9918
Fax   (614) 343-2222

## JURY DEMAND

Plaintiff hereby demands a trial by jury of eight (8) persons on all of her claims.

Respectfully Submitted,

_____
Alvaro G. Velez (0078921)
Attorney for Plaintiff
The One Crosswoods Building
100 East Campus View Blvd., Ste. 250
Worthington, Ohio 43235
Phone (614) 804-9918
Fax    (614) 343-2222