# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**HEATHER GORE,**

    **Plaintiff,**

**vs.**                                               **CASE NO. 2:09-cv-854**
                                                                      **Judge: Sargus**
**AT & T Corp., et al,**                                **Magistrate: King**

    **DEFENDANTS.**

## STIPULATED PROTECTIVE ORDER

The parties, AT&T Corp. and HEATHER GORE (referred to collectively as the "Parties" or individually as a "Party"), have submitted this Stipulated Protective Order as the Parties believe that certain documents and things, answers to interrogatories, testimony, and other responses, provided by the Parties or by third parties, will contain information constituting proprietary information, trade secrets, personal data, or that is otherwise confidential information that the parties believe should be protected from full disclosure as set forth in this Stipulated Order.

If, in the course of this litigation, any Party to this litigation or third party discloses what the disclosing Party contends is confidential information, documents or things (e.g., technical, scientific, financial or business information), the disclosure shall be subject to this Stipulated Protective Order, and the documents, things or information provided shall be used only for purposes of this case. Confidential information or documents disclosed by any Party to another

Party during the course of this litigation prior to the entry of this Stipulated Protective Order, shall be governed by this Stipulated Order.

**IT IS HEREBY ORDERED THAT:**

### 1. <u>DEFINITIONS</u>

(a) The term "CONFIDENTIAL INFORMATION" means documents, things, or information (in any form, including electronic or hard copy) including testimony, whether oral or written.

(b) The term "COUNSEL" means attorneys representing the Parties in this action as well as their necessary clerical and support personnel, including but not limited to secretaries, paralegals, internal and outside copying staff or services, and document management services.

(c) The term "PARTY EMPLOYEES" means the Parties' employees and agents who, in the judgment of the Parties' COUNSEL, are reasonably necessary for development and presentation of that Party's case.

(d) CONFIDENTIAL INFORMATION may be disclosed to PARTY EMPLOYEES to the extent such disclosure is necessary for the carrying out of their respective duties in connection with the prosecution or defense of this action.

(e) The term "TECHNICAL ADVISOR" means any person not presently employed by a Party receiving CONFIDENTIAL INFORMATION or a company affiliated through common ownership, who has been designated by the receiving Party to receive another Party's CONFIDENTIAL INFORMATION. Each Party's TECHNICAL ADVISORS shall be limited to such persons as, in the judgment of that Party's COUNSEL, are reasonably necessary for development and presentation of that Party's' case. These persons shall include outside experts

or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

## 2. DESIGNATION OF INFORMATION

(a) Documents and things designated CONFIDENTIAL INFORMATION shall be marked on each page or discrete part with a legend substantially as follows:

**CONFIDENTIAL**
**Case No. 2:09-cv-854**

(b) A Party may designate testimony or exhibits disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting the reporter to so designate the transcript at the time of the deposition or within the time provided for the party to review the transcript.

(c) A disclosing Party may designate information in its discovery responses, briefs, memoranda, and all other papers as CONFIDENTIAL INFORMATION when such papers are served or sent.

(d) A Party may designate information disclosed at a deposition, hearing, or trial as CONFIDENTIAL INFORMATION by requesting, at the time the information is introduced that the Court receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(e) Medical records of Plaintiff received by Defendants from a third-party provider will be deemed Confidential Information for purposes of this Order.

(f) The Parties will use reasonable care to avoid designating as CONFIDENTIAL INFORMATION, documents, things, or information that are not entitled to such designation or that is generally available to the public.

### 3. USE AND HANDLING OF CONFIDENTIAL INFORMATION

(a) Any receiving Party may disclose CONFIDENTIAL INFORMATION of another Party only to the receiving Party's COUNSEL, PARTY EMPLOYEES, TECHNICAL ADVISORS, and to non-technical trial consultants and graphics or design firms (including their supporting personnel) retained by outside COUNSEL for the receiving Party for the purpose of preparing demonstrative or other exhibits, to court reporters, videographers, or typists recording or transcribing testimony in this action, to Party witnesses during their depositions, witnesses or potential witnesses who are indicated on a document itself as having previously received and/or seen and/or had access to such document or information, and to the Court and its personnel, but not to any others, except as provided in this Protective Order.

(b) In the event that any receiving Party's briefs, memoranda, discovery requests or other papers of any kind which are served or filed shall include another Party's CONFIDENTIAL INFORMATION, the papers shall be appropriately designated pursuant to Paragraph 4(a) and access thereto shall be limited consistent with this Protective Order.

(c) Deposition witnesses will not be excused from answering deposition questions dealing with matters considered CONFIDENTIAL INFORMATION. A Party may, however, require that persons not entitled to have access to matters designated CONFIDENTIAL INFORMATION leave the deposition room while such matters are discussed

### 4. FILING DOCUMENTS WITH THE COURT

Any Party seeking to file CONFIDENTIAL INFORMATION under Seal in this litigation must first file a motion for leave to file under seal. The moving party must submit the

document(s) containing the CONFIDENTIAL INFORMATION to the Court for *in camera* review.

The documents that are the subject of the motion may be temporarily filed under seal solely for purposes of Court review. The Party seeking Court review of the CONFIDENTIAL INFORMATION must submit such CONFIDENTIAL INFORMATION to the Court pursuant to the process set forth in Local Rule 79.3.

If the Court determines good cause has been shown to permit the CONFIDENTIAL INFORMATION to remain under seal, the Court will enter an appropriate Order. If the Court denies leave to file the CONFIDENTIAL INFORMATION under seal, the Clerk of Court will change the designation of the document(s) that were the subject of the motion pursuant to Local Rule 79.3(d).

## 5. DISPOSITION OF MATERIALS FILED WITH THE COURT

Sixty days after the entry of a final judgment and an appellate mandate, if appealed, attorneys must present to the court a proposed order specifying whether the material sealed with protective order is (a) to be returned to the parties or (b) unsealed and placed in the case file. Failure to present the order will result in the court ordering the clerk to unseal the material and place it in the case file.

## 6. INADVERTENT FAILURE TO DESIGNATE

In the event that a disclosing Party inadvertently fails to designate any document, thing or information pursuant to this Order, it may later designate such document, thing or information by notifying the receiving party in writing. The receiving party shall take reasonable steps to

ensure that the document, thing or information is thereafter treated in accordance with the designation. The disclosing party may substitute a document, thing or information containing the appropriate confidential designation for the document, thing or information that was not designated initially.

It shall be understood however, that no person or Party shall incur any liability hereunder with respect to disclosure which occurred prior to receipt of written notice of a belated designation.

### 7. CHALLENGE TO DESIGNATION

(a) Any receiving Party may challenge a disclosing Party's designation at any time. A failure of a receiving Party to challenge a disclosing Party's claim of confidentiality or designation shall not constitute a waiver of the right to challenge any designation at any time.

(b) With respect to requests and applications to remove or change a designation, documents, things and information shall not be considered CONFIDENTIAL INFORMATION if:

(i) the matter in question has become available to the public through no violation of this Protective Order or through no fault of the receiving Party; or

(ii) the matter was known to any receiving Party other than by means of a relationship obligating confidentiality or of an agreement with the disclosing Party prior to its receipt from the disclosing Party; or

(iii) the matter was disclosed without restrictions on its further disclosure, by a third party not bound by this Protective Order; or

(iv) the Court *sua sponte* or upon motion by a Party or non-party determines there is good cause for removing or changing a designation.

## 8. INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

In the event of an inadvertent disclosure by a receiving Party of another Party's documents, things or information designated CONFIDENTIAL INFORMATION, the Party making the inadvertent disclosure shall, within fourteen days of learning of the disclosure:

(a) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Protective Order;

(b) make all reasonable efforts to prevent dissemination or use of the document, thing or information by the person to whom disclosure was inadvertently made; and

(c) notify the disclosing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

## 9. LIMITATION

This Protective Order shall not prejudice any Party's right to assert that a document, thing or information is inadmissible or exempt from discovery. Nothing in this Protective Order shall preclude any party or its representatives from discussing with any other person the progress, theories or legal strategies in this litigation, so long as the contents of the CONFIDENTIAL INFORMATION are not disclosed, described or characterized. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation in the course thereof, referring to or relying upon his examination of the CONFIDENTIAL INFORMATION. Nothing in this Order shall be construed in any way as finding that CONFIDENTIAL INFORMATION does or does not constitute or contain proprietary information, trade secret information or confidential information.

## 10. CORRECTION OF DESIGNATION AND CLAWBACK

A Party that inadvertently produces or discloses any document or other information during discovery in this litigation that the Party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently disclosing Party, the receiving Party (a) shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the receiving Party objects to the return of the document, the receiving Party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. If such a motion is made within thirty (30) days of receiving the notice from the Party of its claim of inadvertent production, the receiving Party may retain the produced document or information until the Court resolves the motion. However, the receiving Party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the disclosing Party and the receiving Party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving Party. If the receiving Party disclosed the document or information before being notified, it must notify the Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

## 11. CONCLUSION OF LITIGATION

(a) Except as provided herein, within thirty (30) days of the conclusion of this litigation each Party or other person subject to the terms hereof shall be under an obligation to return to the disclosing Party, or to destroy and verify in writing such destruction of all materials and documents containing information designated CONFIDENTIAL INFORMATION. Such return or destruction shall not relieve the Parties or other persons subject to this Protective Order from any of the continuing obligations imposed upon them by this Protective Order.

(b) After this litigation is concluded, COUNSEL for each Party may retain an archival copy of the following documents and things, even though they contain information designated CONFIDENTIAL INFORMATION by another Party: correspondence, pleadings, motions, briefs, memoranda, appendices to pleadings, affidavits, deposition transcripts, trial exhibits and demonstrative materials, hearing and trial transcripts, and all work product incorporating such information, and one archival set of documents and things produced in discovery during this litigation.

## 12. OTHER PROCEEDINGS

(a) The receiving Party shall only use the materials produced under this Protective Order in the above-captioned lawsuit, and shall not use the materials in any other litigation, unless upon written agreement of the parties.

(b) By entering this Protective Order, the Court does not intend to preclude another Court from requiring the disclosure of documents, things or information in another case or proceeding. Any Party in possession of information, documents or materials produced under this

Protective Order, if requested to disclose such information, shall promptly notify the disclosing Party so that the disclosing Party may have an opportunity to appear and be heard in the other Court on whether that information should be disclosed.

### 13. JURISDICTION

After the termination of this action, the Court will continue to have jurisdiction to enforce this Protective Order.

### 14. RESPONSIBILITY OF COUNSEL.

Counsel for the parties to whom confidential material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order.

### 15. MODIFICATION

The terms of this Protective Order may be changed only upon agreement by all parties to this action or upon further order of the Court. This Order is without prejudice to the right of any Party to seek a modification of this Order at any time.

### 16. NOTICE OF REQUEST FOR CONFIDENTIAL INFORMATION

The parties to this Protective Order understand that in the event any federal, state or local governmental or regulatory authority serves a subpoena requesting information, or serves a written request for any information, same shall be produced regardless of this Protective Order, provided that all other parties bound by this Protective Order are given ten (10) days notice before such information is produced to such federal, state or local governmental or regulatory authority.

**IT IS SO STIPULATED AND ORDERED.**

Signed this 11th day of February, 2010.

      *s/Norah McCann King*
      MAGISTRATE JUDGE KING


The parties hereby stipulate to entry of the above Order:


/s Jennifer N. Fuller


Jennifer N. Fuller (0080613), Trial Attorney
Porter Wright Morris & Arthur LLP
Attorneys for Defendants
41 S. High Street, Suite 2900
Columbus, Ohio 43215
(614) 227-2000
Fax: (614) 227-2100
jfuller@porterwright.com

Keller Thoma, P.C.
By:  Terrence J. Miglio (0081578)
       Barbara E. Buchanan (*Pro hac vice*)
*Admitted Pro Hac Vice*
Attorneys for Defendants
440 East Congress, 5th Floor
Detroit, Michigan 48226
(313) 965-7610 Telephone
(313) 965-4480 Facsimile
tjm@kellerhoma.com