**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

,

    **Plaintiff,**

-V-                                                **Case No. C-2-**
                                                     **JUDGE SARGUS**
                                                     **Magistrate Judge**

,

    **Defendants.**


**FINAL PRETRIAL ORDER (REQUIRED FORM)**

The Court held a final pretrial conference in this case on _____ at ____ a.m., pursuant to Fed. R. Civ. P. 16.

**I. APPEARANCES:**

        For Plaintiff:

        For Defendant:

**II. NATURE OF ACTION**

        A.    This is an action for

        B.    The jurisdiction of the Court is invoked under Title ____, United States Code, Section _____.

        C.    The jurisdiction of the Court (is) (is not) disputed.


**III. TRIAL LENGTH:**    The estimated length of trial is ____ days.

**IV. AGREED STATEMENTS AND LISTS:**

**A. General Nature of the Claims of the Parties**

l.  Plaintiffs' Claims: (set out brief summary without detail; an itemized statement of special damages should be included.)

2.  Defendants' Claims: (set out brief summary without detail.)

**B. Uncontroverted Facts**

Suggested language:  The following facts are established by admissions in the pleadings or by stipulations of counsel. (set out uncontroverted or uncontested facts in chronological order.)

**C. Contested Issues of Fact and Law**

1. Contested Issues of Fact.
Suggested language:  The contested issues of fact remaining for decision are . . . (set out a brief statement of the remaining contested issues of fact.)

2. Contested Issues of Law.
Suggested language:  The contested issues of law in addition to those implicit in the foregoing issues of fact, are . . .  (set out a brief statement of the remaining contested issues of law.)

OR     There are no special issues of law reserved other than those implicit in the foregoing issues of fact.

**D. Witnesses**

1.     Suggested language:  In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

OR  Plaintiff may call:   (provide a brief synopsis of each witness' testimony.)

2.     Suggested language:  In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial:

OR  Defendant may call:   (provide a brief synopsis of each witness' testimony.)

3.     Suggested language:  In the absence of reasonable notice to opposing counsel to the contrary, _____ will call:

OR  _____ may call:   (provide a brief synopsis of each witness' testimony; use for third parties).

4. In the event other witnesses are to be called at the trial, a statement of their names and addresses and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least five (5) days prior to trial.

5. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice to the other party. Questions frequently arise as to whether a witness will offer rebuttal testimony or is more appropriately designated as part of the case-in-chief. If questions arise as to the nature of a witness' testimony, the Court will err on the side of required disclosure five (5) days prior to trial of rebuttal witnesses. If no disclosure is made, the Court shall not permit such witness to testify.

<u>Note</u>: *Only witnesses listed in the Final Pretrial Order will be permitted to testify at the trial, except witnesses called solely for the purpose of impeachment or for good cause shown.*

### E. Expert Witnesses

Suggested language: Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to the other side.

1. Plaintiff: List all expert witnesses plaintiff intends to call at trial.

2. Defendant: List all expert witnesses defendant intends to call at trial.

Counsel <u>have attached</u> a resume or curriculum vitae of each expert's qualifications as a part of Exhibit A herein.

### F. Depositions

During trial, reading of depositions frequently presents problems that can be eliminated by advance discussion and preparation. The pretrial order shall list depositions to be read into evidence and any objections thereto identifying the objecting party, portions objected to, and the basis for the objections. All irrelevant and redundant matter and all colloquy between counsel in the deposition must be eliminated when the deposition is read. <u>See</u> also the requirements of Fed. R. Civ. P. 26(a)(3)(B).

Suggested language: Testimony of the following witnesses will be offered by deposition/videotape. (List all witnesses whose testimony will be offered by deposition or videotape. If none, so state.)

### G. Exhibits

Needless Court time is taken up in the marking of exhibits during trial. Accordingly,

the exhibit list should be prepared prior to trial and set forth in the pretrial order. Exhibits that are to be admitted without objection should be listed first, then followed by a listing of exhibits to which there may be objections, noting by whom the objection is made (if there are multiple adverse parties), the nature of the objection, and the authority supporting the objection.

Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order. A supply of marking tags for exhibits may be obtained from the courtroom deputy clerk. They should be attached to the lower right-hand corner whenever possible. See also the requirements of Fed. R. Civ. P. 26(a)(3)(C).

Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been listed in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.

Exhibit lists should be attached as appendices to the pretrial order as follows:

       Appendix B   Joint Exhibits
       Appendix C   Plaintiff Exhibits
       Appendix D   Defendant Exhibits
       Appendix E   Third-Party Exhibits


**H. Stipulations**

Counsel have fully complied with the **Stipulations** section of the Court's Order Setting Trial Date and Settlement Conference.


**I. Completion of Discovery**

Except for good cause, all discovery shall be completed before the Final Pretrial Order is signed by the Court. If discovery has not been completed, the proposed pretrial order shall state what discovery is yet to be done by each side, when it is scheduled, when it will be completed, and whether any problems (e.g., objections or motions) are likely with respect to the uncompleted discovery.

Suggested language:

*     Discovery has been completed.
*     Discovery is to be completed by _____, 20\_\_.
*     Further discovery is limited to _____.
*     The following provisions were made for discovery:
          *Specify all such provisions.*

## V. MODIFICATION

The Final Pretrial Order may be modified at or prior to the trial of this action to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

## VI. JURY INSTRUCTIONS

Counsel have complied with the **Jury Instructions** section of the Court's Order Setting Trial Date and Settlement Conference.

## VII. REMAINING ISSUES AND OTHER MATTERS

The following legal issues must be resolved before the beginning of trial:

Counsel bring the following additional matters to the Court's attention:

_____
EDMUND A. SARGUS, JR.
United States District Judge

_____
Counsel for Plaintiff

_____
Counsel for Defendant