IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HEATHER GORE,

      Plaintiff,

    v.                        Case No. 2:09-CV-854
                                     JUDGE SARGUS
                                     Magistrate Judge King

AT&T CORP., *et al.*,

      Defendants.

## OPINION AND ORDER

On June 17, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that plaintiff's *Motion to Remand*, Doc. No. 15, be denied. *Report and Recommendation*, Doc. No. 61. This matter is now before the Court for consideration of the parties' objections to that *Report and Recommendation*, Doc. Nos. 66 and 69. For the reasons that follow, Plaintiff's *Objection,* Doc. No. 66, is granted and Defendants' *Objection*, Doc. No. 69, is denied. Plaintiff's *Motion to Remand*, Doc. No. 15, is granted.

I.

This action was originally filed in the Court of Common Pleas for Franklin County, Ohio, and was removed to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. In particular, Defendants alleged initially that Plaintiff's state law claim of intentional infliction of emotional distress was preempted by § 301 of the Labor Management Relations Act ["LMRA"], 29 U.S.C. § 185(a).

Defendants later argued that Plaintiff's claim of negligent hiring/retention was preempted by the LMRA. Following removal, Plaintiff filed a *Motion to Remand*, Doc. No. 15. The Magistrate Judge recommended that the motion be denied. *Report and Recommendation*, Doc. No. 61.

The Magistrate Judge concluded that, although the Plaintiff's claim of intentional infliction of emotional distress is not preempted by the LMRA, her claim of negligent hiring/retention was preempted, thus providing a basis for jurisdiction in this court. Plaintiff objects to the Magistrate Judge's conclusion as to the claim of negligent hiring/retention, Doc. No. 66, and Defendants object to the Magistrate Judge's conclusion as to the intentional infliction of emotional distress claim, Doc. No. 69. The Court now considers, *de novo*, the merits of these objections. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).


## II.

The facts relevant to Plaintiff's claims were set forth in detail in the Magistrate Judge's June 17, 2010, *Report and Recommendation* and will not be repeated here. As the Magistrate Judge previously discussed, state law claims may be preempted by § 301 of the LMRA, which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). This section "preempts state law claims inextricably bound up in an interpretation of a collective bargaining agreement, as well as state law claims brought to vindicate an employee's rights under

such agreement." *Gilreath v. Clemens & Co.*, 212 Fed. Appx. 451, 461 (6th Cir. 2007). Section 301 does not, however, "unequivocally preempt state tort claims." *Id.* A state law tort claim may be maintained so long as it arises independently of the collective bargaining agreement. *Id.*

In order to determine whether a state tort claim is preempted by § 301, a court considers two factors:

> First, the district court must examine whether proof of the state law claim requires the interpretation of the collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right is both borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

*DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (internal citations omitted).

With this standard in mind, the Court considers whether Plaintiff's state law claims for negligent hiring/retention and intentional infliction of emotional distress are preempted by the LMRA.

## A. Negligent Hiring/Retention Claim

Plaintiff's claim for negligent hiring/retention was first presented in the *Amended Complaint*, Doc. No. 52, Count V. Plaintiff alleges that Defendant Philip Dunn, an executive with Defendant AT&T who allegedly made unwelcome sexual advances and comments to Plaintiff, was "unfit and incompetent to serve in his managerial [*sic*] at AT&T due to his unlawful and inappropriate actions." *Am. Complaint*, at ¶ 50. Plaintiff also alleges that Defendants had actual and/or constructive knowledge of Dunn's alleged incompetence and that they were negligent in hiring and/or

3

retaining Dunn.  ¶¶ 51, 53.  In response to the *Motion to Remand*, Defendants argued that this claim is preempted by the LMRA because an element of proof for the claim requires interpretation of the collective bargaining agreement ["CBA"].

As the Magistrate Judge noted, the elements of a claim for negligent hiring/retention under Ohio law are: "'(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'" *Busch v. American Honda Motor Co., Inc.*, 227 F.Supp.2d 780, 801 (S.D. Ohio 2002), quoting *Steppe v. Kmart Stores*, 136 Ohio App.3d 454 (Ohio App. 1999).  The Magistrate Judge concluded that "[a]ny duty relating to Defendants' hiring and/or retention of Defendant Dunn is necessarily governed by the CBA."  Doc. No. 61, at 8.

Plaintiff objects to the Magistrate Judge's conclusion.  Plaintiff points out that, during the deposition of Defendant Philip Dunn, it was disclosed that the terms of his employment are not governed by the CBA because he holds a managerial position.[1]  Thus, Plaintiff argues, the Magistrate Judge's reliance on the case of *Bradshaw v. Goodyear Tire & Rubber Co.*, 485 F.Supp.2d 821, 830 (N.D. Ohio 2007), in resolving the preemption issue, is misplaced.

In *Bradshaw*, a plaintiff claiming disability discrimination also asserted a claim of negligent hiring.  The court concluded that the claim

---

[1]The deposition was taken on June 29, 2010, *i.e.*, after the *Report and Recommendation* was issued. *Plaintiff's Objection*, at 2 n.1, Doc. No. 66.

4

was preempted by the LMRA because most elements of the claim "make reference in some way to the employer-employee relationship or the status of each party as an employer or employee." *Id.* at 830. The relationship of employer-employee in *Bradshaw* was governed entirely by a CBA. *Id.*

In this case, the Magistrate Judge assumed that the relationship between Defendant Dunn and AT&T was also governed by a CBA. Subsequent to the briefing on Plaintiff's *Motion to Remand*, however, it became clear that Defendant Dunn's terms of employment are not in fact subject to the CBA. It necessarily follows, then, that the claim of negligent hiring/retention is not preempted by the LMRA. *See DeCoe v. General Motors Corp.*, *supra*. The Court notes that, in their *Objection* to the Magistrate Judge's decision, Defendants argue that this claim requires interpretation of the CBA because **Plaintiff's** employment relationship is governed by a CBA. In the Court's view, the pertinent inquiry for the negligent hiring/retention claim is whether **Defendant Dunn's** relationship with his employer is governed by a CBA - not whether Plaintiff's relationship is governed by the CBA. Since Defendant Dunn's employment is not governed by the CBA, this claim does not involve interpretation of the CBA. Accordingly, it cannot be said that the claim is preempted by § 301 of the LMRA. Plaintiff's objection is meritorious.

**B. Intentional Infliction of Emotional Distress Claim**

Count III of the *Amended Complaint* presents a claim of intentional infliction of emotional distress. In particular, Plaintiff alleges that "Defendants' conduct . . . [was] outrages [*sic*] and beyond the realm of human decency, tolerated by a civilized society." *Am. Complaint*, at ¶

5

42. Plaintiff further alleges that the alleged misconduct was "willful, malicious, spiteful and with ill will and with reckless disregard for Plaintiff's legal rights." *Id.* at ¶ 43. Plaintiff claims that "[a]s a direct and proximate result of Defendants' conduct . . . [she] has suffered pain, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health and great mental anguish." *Id.* at ¶ 44.

A claim of intentional infliction of emotional distress under Ohio law requires a showing "(1) that the defendant intended to cause the plaintiff's serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Management, Inc.*, 71 Ohio St.3d 408, 410 (1994).

In considering the preemption issue, the Magistrate Judge characterized Plaintiff's claim as consisting of Defendant Dunn's alleged *quid pro quo* sexual harassment as well as Defendant AT&T's failure to remedy the alleged harassment despite Plaintiff's complaints. *Report and Recommendation*, at 6-7. The Magistrate Judge applied the two-part test in *DeCoe, supra*, and concluded that resolution of this claim "does not require interpretation of the terms of the CBA and, second, [ ] the right claimed by Plaintiff is created by state law, not by the CBA." *Id.* at 7. The Magistrate Judge reasoned that this claim was analogous to the claims raised by plaintiffs in *Dalton v. Jefferson Smurfit Corp.*, 979 F.Supp. 1187 (S.D. Ohio 1997) (Dlott, J.) and *Powers v. Kroger Co.*, No. 2:01-CV-97, 2002 WL 485011 (S.D. Ohio Feb. 28, 2002) (Sargus, J.), and was not analogous to the claim raised by plaintiff in *Mattis v. Massman*,

6

355 F.3d 902 (6th Cir. 2004).

In their *Objection,* Defendants argue that the Magistrate Judge "ignor[ed] the exact conduct which [Plaintiff] claims constitutes a central part of her intentional infliction of emotional distress claim, such as Rees [Plaintiff's supervisor] exercising her responsibilities as a manager by counseling [Plaintiff] about her job performance requirements and Ameritech adhering to the commission chargeback procedure set forth in the CBA." *Objection*, Doc. No. 69 at 10. According to Defendants, these events substantially implicate provisions of the CBA. *Id*. at 6.

The Court disagrees with Defendants' characterization of Plaintiff's claim of intentional infliction of emotional distress. Although Plaintiff alleges that she suffered adverse treatment after she complained about the sexual advances allegedly made by Defendant Dunn, she does not allege in her *Amended Complaint* that it was this adverse treatment that constituted extreme and outrageous conduct. Rather, Plaintiff claims that it was Defendant Dunn's sexual advances, and her employer's failure to address the situation with Defendant Dunn, that constituted extreme and outrageous conduct giving rise to a claim for intentional infliction of emotional distress.

The Court concludes that the Magistrate Judge correctly characterized Plaintiff's claim and did not ignore the factual basis for the claim. Plaintiff's claim is analogous to those asserted in *Dalton* and *Powers*, *supra*.[2] Plaintiff's claim in this case is not analogous to

---

[2]In *Dalton*, the allegedly outrageous conduct arose as a result of plaintiff being subjected to racial slurs and threats by a co-worker. In *Powers*, the claim arose in connection with alleged sexual harassment.

7

that asserted in *Mattis*, where the allegedly outrageous conduct consisted of plaintiff's assignment by his supervisor to undesirable jobs, and other job actions that would implicate the CBA. *See Mattis v. Massman*, 355 F.3d at 904. Plaintiff's claim in this case – which centers on the alleged actions of Defendant Dunn and employer's alleged failure to discipline Dunn – does not implicate provisions of the CBA. Defendants' *Objection* to the Magistrate Judge's decision is therefore without merit.

### III.

In light of the Court's conclusion that neither the negligent hiring/retention claim nor the intentional infliction of emotional distress claim is preempted by § 301 of the LMRA, this Court has no basis for exercising jurisdiction over Plaintiff's claims.

Plaintiff's *Objection* to the *Report and Recommendation*, **Doc. No. 66**, is **GRANTED**. Defendants' *Objection* to the *Report and Recommendation*, **Doc. No. 69**, is **DENIED**. Plaintiff's *Motion to Remand*, **Doc. No. 15**, is **GRANTED**.

This case is **ORDERED REMANDED** to the Court of Common Pleas for Franklin County, Ohio.


8-5-2010
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

8