IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HEATHER GORE,**

    **Plaintiff,**

v.

                      **Case No. 2:09-CV-854**
                      **JUDGE SARGUS**
                      **MAGISTRATE JUDGE KING**

**AT&T CORP.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Defendants' *Motion for Reconsideration* of the Court's August 6, 2010 *Opinion and Order*. For the reasons that follow, the motion, Doc. No. 89, is denied.

### I.

On August 6, 2010, this Court issued an *Opinion and Order*, Doc. No. 83, addressing the parties' objections to an earlier decision of the Magistrate Judge on the issue of whether this case should be remanded to state court. Plaintiff originally filed this action in the Court of Common Pleas for Franklin County, Ohio. The action was removed to this Court on the basis that Plaintiff's state law claim of intentional infliction of emotional distress was preempted by § 301 of the Labor Management Relations Act ["LMRA"], 29 U.S.C. § 185(a). The Magistrate Judge concluded, and the undersigned agreed, that that particular claim is not preempted by the LMRA. *See Opinion and Order*, Doc. No. 83, at 6-8. The Court also concluded that Plaintiff's claim of negligent hiring/retention was not preempted by the LMRA because the claim "does not involve interpretation of the [collective bargaining agreement]." *Id.* at 5.

Defendants have filed a *Motion for Reconsideration* of the Court's decision with respect to the claim for intentional infliction of emotional distress. According to Defendants, reconsideration is warranted "in order to avoid manifest injustice resulting from Plaintiff's misrepresentations . . . regarding the allegations in her Complaint and the facts supporting her intentional infliction of emotional distress claim . . . ." *Motion for Reconsideration*, Doc. No. 89, at 1. The Defendants request oral argument on the motion. The Court concludes, however, that oral argument on the instant motion is not necessary. S.D. Ohio Local Rule 7.1(b)(2).

## II.

Motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *Phelps v. Economus*, No. 4:06-CV-543, 2006 WL 1587389 at *1 (N.D. Ohio June 7, 2006) (citation omitted). There are three circumstances in which a court may reconsider one of its earlier decisions: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error to prevent manifest injustice. *Id.*, citing *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992). Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion. *Id.*

## III.

Defendants argue that reconsideration of the claim of intentional infliction of emotional distress is warranted in order to prevent manifest injustice. In particular, Defendants argue that

2

this claim includes allegations of adverse action taken against Plaintiff after she complained about her supervisor's alleged sexual advances. Defendants cite ¶ 31 of the *Amended Complaint*, Doc. No. 52, in which Plaintiff alleges: "Shortly after Gore reported Dunn's un-welcomed sexual advances towards her . . . her supervisors began to take adverse employment action."

The Court notes at the outset that ¶ 31 is part of Plaintiff's claim for sex discrimination under R.C. § 4112, *Am. Complaint*, Count 1.  Although Defendants maintain that the claim of intentional infliction of emotional distress includes circumstances of alleged adverse employment action, this Court has previously disagreed with Defendants' characterization of the claim. *See Opinion and Order*, Doc. No. 83 at 7.

The argument presented in the *Motion for Reconsideration* is substantively indistinguishable from that presented in the context of Defendants' objection to the Magistrate Judge's decision.  The Court finds no error in its earlier decision.  Although it is clear that Defendants disagree with the Court's decision, the order remanding this action to state court will not be disturbed.

### IV.

The Defendants' *Motion for Reconsideration*, Doc. No. 89, is **DENIED**.

9-14-2010
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**