IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HEATHER GORE,**

    **Plaintiff,**

v.

    **Case No. 2:09-CV-854**
    **JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge King**

**AT&T CORP., ET AL.**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Motion for Rule 11 Sanctions (Doc. 71), filed by Defendants AT&T Corp., AT&T, Inc., and American Telephone and Telegraph Company. Plaintiff, Heather Gore, opposes the motion. The motion has been fully briefed and is now ripe for disposition. For the reasons that follow, Defendants' motion is **DENIED**.

### I. Background

Plaintiff, Heather Gore, initiated this action in the Franklin County Court of Common Pleas, Franklin County, Ohio, against Defendants AT&T Corp., American Telephone and Telegraph Company, Philip Dun, Jacklyn Rees, and unidentified defendants, Company ABC, Company XYZ, John Doe, and John Roe. (Doc. 2.) Her initial complaint asserted claims of sexual discrimination in violation of Ohio Rev. Code § 4112, intentional infliction of emotional distress, and breach of contract. (Doc. 2.) Defendants removed the action to this Court. (Doc. 1.) Plaintiff filed a motion to remand for lack of subject-matter jurisdiction. (Doc. 15.) While that motion was pending, Plaintiff sought and obtained leave of court to file an amended complaint. (Docs. 20, 52.) Plaintiff's Amended Complaint omits the claim for breach of contract; retains the claims for sexual discrimination arising under Ohio statutory law and for

intentional infliction of emotional distress; and adds claims for discrimination under Ohio common law, battery, and negligent retention. (Doc. 52.) The Amended Complaint also removes as parties the unidentified defendants Company ABC, Company XYZ, John Doe, and John Roe, and adds as defendants Ameritech Publishing, Inc. and AT&T, Inc. (Doc. 52.)

Thereafter, Defendants AT&T Corp., AT&T, Inc., and American Telephone and Telegraph Company ("the AT&T Defendants") filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, in which they argue that they have been frivolously named and retained as defendants. (Doc. 71.) Specifically, they contend that they have produced discovery evidence showing that Plaintiff's employer was Ameritech Publishing, Inc., and that, therefore, Plaintiff has no cause of action against the AT&T Defendants. (Doc. 71.) As relief, the AT&T Defendants ask this Court to enter an order sanctioning Plaintiff for filing a frivolous pleading with the Court and awarding attorneys' fees and costs. (Doc. 71.)

On the same date as they filed the motion for Rule 11 sanctions, the AT&T Defendants filed a motion for summary judgment. (Doc. 72.) In their summary judgment motion, the AT&T Defendants also assert that they cannot be held liable on Plaintiff's claims because they were not Plaintiff's employer. (Doc. 72.)

Before the time ran for responses to be filed to the AT&T Defendants' motion for summary judgment, the Court granted Plaintiff's motion for remand. (Doc. 83.) Plaintiff then filed a response to the motion for Rule 11 sanctions, arguing in part that this Court no longer has jurisdiction to consider the motion in light of its determination that it lacks subject-matter jurisdiction to adjudicate the merits of the case. (Doc. 85.) Plaintiff's response also contends that her maintenance of this action against the AT&T Defendants was not frivolous because, based upon information and belief, one or more of the AT&T Defendants was the employer for co-Defendants Philip Dun and Jacklyn Rees and because the tortious conduct occurred while

2

Dun and Rees were acting on behalf of the corporate defendants. Finally, Plaintiff argues that the Defendants have not incurred any additional costs as a result of Plaintiff's naming the AT&T Defendants as parties. (Doc. 85.) The AT&T Defendants filed a reply. (Doc. 87.) Subsequently, both parties filed supplemental briefs on the jurisdictional question. (Docs. 92 and 93.)

## II. Standard of Review

Federal Rule of Civil Procedure 11 imposes an obligation upon every attorney filing pleadings in a federal court to ensure that such pleadings are based upon reasonable inquiry, are supported by evidence, and are not brought for an improper purpose:

> By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). In determining whether sanctions are warranted under Rule 11, a district court "should examine whether an 'attorney's conduct was reasonable under the circumstances." *Runfola & Assoc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 372 (6th Cir. 1996) (quoting *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir 1990)). Rule 11 provides that a sanction "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an

order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(d).

### III. Discussion

As a preliminary matter, this Court finds that it has jurisdiction to consider the motion for Rule 11 sanctions despite having remanded the case to the state court. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992) (citing *Cooter*, 496 U.S. at 395-96); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 938-39 (6th Cir. 2002) (citing *Willy*, 503 U.S. at 137-19; *Cooter*, 496 U.S. at 395-96). The United States Supreme Court has explained that this is so because "the imposition of a Rule 11 sanction is not a judgment on the merits of an action[;] [r]ather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

Its authority to consider the imposition of sanctions notwithstanding, this Court declines to do so under the particular procedural stance of this action. At the time this case was remanded to state court, the AT&T Defendants' motion for summary judgment had not been fully briefed. That motion raises the same issues concerning the propriety of Plaintiff's maintaining suit against the AT&T Defendants as the motion for sanctions at bar. Thus, the question of whether the AT&T Defendants are proper parties to Plaintiff's suit presents a live issue for the state court's determination. Accordingly, determining whether sanctions are warranted would require this Court assess the merits of a substantive motion now pending before the state court in a case over which this Court has jurisdiction. For these reasons, the Court denies the AT&T Defendants' Motion for Rule 11 Sanctions.

4

## IV. Conclusion

For the reasons discussed above, the Court **DENIES** the Motion for Rule 11 Sanctions (Doc. 71), filed by Defendants AT&T Corp., AT&T, Inc., and American Telephone and Telegraph Company.

**IT IS SO ORDERED.**

    3-29-2011
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE